■ In the Matter of the Arbitration between GERALD MAFFETONE, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — In a special proceeding to confirm an arbitration award and for entry of judgment, in which MVAIC cross-moved to reduce the amount of the award by amounts paid as workmen's compensation benefits, MVAIC appeals from an order of the Supreme Court, Queens County, entered February 11, 1966, which *inter alia* (1) vacated the award, (2) remanded the matter to the arbitrator for a rehearing for the sole purpose of determining and clarifying the amount, if any, of a workmen's compensation credit which had been allowed by him and (3) directed the arbitrator to state the total amount of petitioner's damage "without regard to the matter of workmen's compensation benefits". Order affirmed, wih $20 costs and disbursements. (See *Matter of Hennessy* [*MVAIC*], 26 A D 2d 521; *Matter of Napolitano* [*MVAIC*], 26 A D 2d 757.) Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of JESSIE THOMAS, Appellant, v. LEON THOMAS, Respondent.— In a proceeding to obtain support, petitioner appeals from a purported order of the Family Court, Queens County, dated April 27, 1966, which *inter alia* directed a hearing "for the purpose of taking testimony as to the facts of the Alabama divorce obtained by Petitioner" [from her previous husband]. Appeal dismissed, without costs. The "order" appealed from is a decision merely; and, in any event, is not a final disposition and therefore is not appealable as of right. However, had an order been entered, and were this court to entertain an appeal therefrom, we would affirm the determination below. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ SEYMOUR KROLL, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for false arrest, malicious prosecution, etc., defendant appeals from a judgment of the Supreme Court, Kings County, entered June 25, 1965, in plaintiff's favor upon a directed verdict on the issue of liability and a jury verdict of $10,000 on the issue of damages. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event, unless within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce to $5,000 the amount of the verdict in his favor and to the entry of an amended judgment accordingly, in which event the judgment, as so amended, is affirmed, without costs. In our opinion, under all the circumstances, the damages awarded plaintiff were excessive to the extent indicated. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ JO-ANNE G. MARCUS, an Infant, by ABRAHAM GOLD, Her Guardian ad Litem, Respondent, v. MAX SCHWARTZ, Defendant, and LEO HIMMELSTEIN et al., Appellants.— In a negligence action to recover damages for personal and property injuries, defendants Himmelstein and Levitz appeal from an order of the Supreme Court, Kings County, entered June 20, 1966, which, after a pretrial hearing, accorded the action a trial preference pursuant to rule 8 of the Rules of the Supreme Court, Kings County. Order reversed, without costs, and without prejudice to any future application by plaintiff for a preference. Absent a factual showing as a predicate for the finding of bad faith in negotiating a settlement, it was an improvident exercise of discretion to direct the preference (cf. *Abramson* v. *Kenwood Labs.*, 17 A D 2d 626; *Jones* v. *Otis Elevator Co.*, 24 A D 2d 451). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.